**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Zachariah William Celentano,<br><br>Petitioner,<br><br>v.<br><br>Charles L Ryan, et al.,<br><br>Respondents. | No. CV-17-01073-PHX-DGC<br><br>**ORDER** |

Petitioner Zachariah William Celentano was convicted of armed robbery in Arizona state court on January 15, 2015. Doc. 16 at 1. Petitioner filed a pro se petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 on April 10, 2017. Doc. 1. Respondents filed a response (Doc. 13), and Petitioner filed a reply (Doc. 15). Magistrate Judge James F. Metcalf issued a report and recommendation ("R&R") that the petition be denied as untimely filed. Doc. 16. Petitioner filed objections to the R&R (Doc. 17) and Respondents replied (Doc. 18). The Court will deny the objections and adopt Judge Metcalf's recommendation.

The Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge" in a habeas case. 28 U.S.C. § 636(b)(1). The Court must undertake de novo review of those portions of the R&R to which specific objections are made. *Thomas v. Arn*, 474 U.S. 140, 149 (1985); *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003); *see also* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3). The portions of the R&R to which Petitioner does

not specifically object will be adopted without further discussion. *See id.* The Court will not review generalized objections, nor undertake a global reevaluation of the merits of Petitioner's grounds for relief. *See Reyna-Tapia*, 328 F.3d at 1121; *Warling v. Ryan*, No. CV 12-01396-PHX-DGC, 2013 WL 5276367, at *2 (D. Ariz. Sept. 19, 2013).

The R&R concludes that the Petition is untimely because Petitioner filed it after the one-year statute of limitations had expired. Doc. 16 at 4-7. Petitioner's objections make various arguments about the merits of his habeas claims, but make no specific objection to Judge Metcalf's finding on the timeliness of the petition. *See* Doc. 17. The only comment Petitioner makes with respect to Judge Metcalf's timeliness decision is that Petitioner should be given the benefit of the doubt. *Id.* at 3. Because Petitioner has not made any specific objections to the R&R, the Court will adopt it.[1]

**IT IS ORDERED:**

1. Judge James F. Metcalf's R&R (Doc. 16) is **accepted**.
2. The petition for writ of habeas corpus (Doc. 1) is **dismissed with prejudice**.
3. A certificate of appealability and leave to proceed *in forma pauperis* on appeal are **denied**.
4. The Clerk is directed to **terminate** this action.

Dated this 12th day of March, 2018.

_____
David G. Campbell
United States District Judge

---

[1] Although Petitioner does not raise this issue, the Court notes that the R&R appears to include an inconsequential mathematical error. The R&R notes that the one-year statute of limitations began to run on the date Petitioner's judgment became final. Doc. 16 at 4. Under Arizona rules, this occurred on April 15, 2015, when Petitioner's opportunity to seek an "of right" post-conviction proceeding expired. *Id.* Petitioner therefore needed to file this Petition before April 15, 2016. The R&R mistakenly suggests that the limitations period expired on January 15, 2016. *Id.* at 5. But this apparent error is immaterial. Petitioner filed his petition on April 10, 2017, well after the possible one-year anniversaries in January and April 2016.